**JEFFERSON–PILOT INSURANCE COMPANY, Plaintiff,**

v.

**Peggy SHORT and Tammy M. London, Defendants.**

No. 1:03CV511.

United States District Court, M.D. North Carolina, Greensboro Division.

Nov. 17, 2004.

Thomas D. Garlitz, Garlitz & Williamson, PLLC, Charlotte, NC, for Plaintiff.

John Joseph Schramm, Jr., Peebles & Schramm, Winston–Salem, NC, for Defendants.

### MEMORANDUM ORDER DENYING SIGNING OF CONSENT JUDGMENT

TILLEY, Chief Judge.

I have received a proposed judgment in this case, consented to by attorneys for the plaintiff, Jefferson Pilot Life Insurance Company, and for the defendant, Tammy M. London, purporting to award the payment to Ms. London of the $48,000 insurance benefits from the policy of Floyd B. Short. The basis of the proposed judg-

ment is that Jefferson–Pilot and Ms. London are the only parties to the action since Ms. Peggy Short—the beneficiary of record—did not file a response to the summons and complaint in this interpleader action and is, therefore, in default.

I find signing this proposed judgment troubling in the present posture of this case. The facts, briefly stated, are as follows: On June 2, 2003 Jefferson–Pilot Life Insurance Company filed a summons and complaint in this court under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § § 1001–1461 alleging as follows:

5. Effective September 1, 1988, Jefferson–Pilot issued its Group Insurance Policy No. 46807 to J.G. Messick & Sons, Inc. to fund an employee benefit plan established by J.G. Messick & Sons, Inc. to provide life insurance benefits to its employees.

6. In September 1988, Floyd B. Short (Mr. Short) was an employee of J.G. Messick & Sons, Inc. and he became a participant in the employee benefit plan that was established and maintained by J.G. Messick & Sons, Inc. and funded by the Group Policy. Certificate number 529–44–2483 was issued to Mr. Short.

7. Under the terms of the Group Policy, Mr. Short had a $24,000 basic life insurance benefit and a $24,000 optional life insurance benefit.

8. On or about September 15, 1988, Mr. Short signed an enrollment card in which he named Defendant Peggy Short as the beneficiary of his life insurance benefits under the Group Policy. On information and belief, Peggy Short was the time the wife of Mr. Short. A copy of the enrollment card is attached as Exhibit A.

9. On December 26, 2002, Mr. Short died.

10. At the time of Mr. Short's death, his life insurance benefits under the Group Policy were in full force and effect.

11. Under the terms of the enrollment card Mr. Short signed in September 1988, Defendant Peggy Short is the designated beneficiary of the life insurance benefits under the Group Policy and she has made a claim to Jefferson–Pilot for those benefits.

12. Defendant Tammy M. London, who is a daughter of Mr. Short, also has made a claim to Jefferson–Pilot for the insurance benefits, asserting that in or about 1994 or 1995 Mr. Short executed a form provided by Jefferson–Pilot to change his beneficiary under the Group Policy from Peggy Short to his daughter Teresa L. Short and that in 2001 Mr. Short executed a second form provided by Jefferson–Pilot to change his beneficiary under the Group Policy from Teresa L. Short to Tammy M. London.

13. Jefferson–Pilot has searched its records, but has not found any proof that Mr. Short ever changed his designated beneficiary under the Group Policy from Peggy Short.

14. Jefferson–Pilot does not have or claim, nor has it ever had or claimed, any right, title or interest in or to any portion of the life insurance benefits payable under the Group Policy.

15. The claims of Peggy Short and Tammy M. London are adverse and conflicting. If Mr. Short changed his designated beneficiary to Tammy M. London, as she claims, she would be entitled to the life insurance benefits. On the other hand, if Mr. Short did not change his beneficiary designation, Peggy Short would be entitled to the life insurance benefits.

16. Jefferson–Pilot cannot without hazard to itself decide the validity of the

rival claims and may become subject to multiple liability if it disburses the life insurance benefits to either of the rival claimants.

17. Jefferson–Pilot will tender into the Registry of this Court the sum of $48,000 plus interest to abide the judgment of this Court.

WHEREFORE, the Plaintiff Jefferson–Pilot Life Insurance Company prays:

1. That the Court accept the sum of $48,000 plus interest as the proceeds payable under the Group Policy as the result of the death of Floyd B. Short;

2. That Jefferson–Pilot be discharged from all further liability under the Group Policy with respect to the death of Floyd B. Short.

3. That the Court require Defendants to interplead their respective claims to the life insurance benefits;

4. That Jefferson–Pilot be awarded its costs and a reasonable attorney's fee out of the insurance proceeds; and

5. For such other and further relief as may be just and proper.

On June 16, 2003 an affidavit of service was filed with the court by the attorney for Jefferson–Pilot stating that on June 4, 2003 he mailed a summons and copy of the complaint to Peggy Short by certified mail, return receipt requested and that "[a]s evidenced by the attached Domestic Return Receipt, the summons and copy of the complaint were received by Ms. Short on June 11, 2003."

In fact the return receipt, while addressed to Peggy Short, 1903 Alyssum Place, Winston–Salem, N.C. 27127–7558 does not indicate that it was signed by Ms. Short but bears a name which could be "Hollis C. Cook" or, perhaps, "Holly C. Cook" in Part A. In spite of the printed instruction to the postal delivery person to COMPLETE THIS SECTION ON DELIVERY, neither of the blanks marked "Agent" or "Addressee" in Part A. have been checked. Part B. is blank where the name of the person accepting service should have been printed. Part C., date of delivery, is blank. Part D reads: "Is delivery address different from item 1?". Neither response block, "yes" or "no", has been checked.

While Ms. Short may well have received the summons and complaint and elected not to contest the matter with Ms. London, an examination of the file raises sufficient questions to deny this Court's adoption of the proposed Consent Judgment at this time. In the first place, the return receipt from the postal service is inconclusive regarding who received the package and whether it was actually delivered to Ms. Short's home address. Secondly, a reading of the allegations in the complaint along with the prayer for relief would not necessarily alert a reasonable person to understand that, if agreeing with the relief requested, she must file a timely response or lose her claim to all benefits. The prayer requests that the court accept the $48,000, that Jefferson–Pilot be dismissed and receive its costs for filing the action and "[t]hat the Court require Defendants to interplead their respective claims to the life insurance benefits." It would not be unreasonable for a person, reading that language, to assume she should wait for a court directive to interplead. Moreover, a person having no disagreement with Jefferson–Pilot depositing the money with the Court and receiving costs for doing so might not understand the peril of not formally responding, especially when Jefferson–Pilot has already set out in the complaint that Ms. Short was the named beneficiary and that a check of its records "has not found any proof that Mr. Short ever changed his designated beneficiary under the Group Policy from

Peggy Short" and that "...if Mr. Short did not change his beneficiary designation, Peggy Short would be entitled to the life insurance benefits."

North Carolina General Statute 1–75.11 reads as follows:

Where a defendant fails to appear in the action within apt time the court shall, before entering a judgment against such defendant, require proof of service of the summons in the manner required by G.S. 1–75.10 and, in addition, shall require further proof as follows:

(1) Where Personal Jurisdiction Is Claimed Over the Defendant.—Where a personal claim is made against the defendant, the court shall require proof by affidavit or other evidence, to be made and filed, of the existence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant. *The court may require such additional proof as the interests of justice require.* (Emphasis added)

In this case, it is required that there be further evidence that Ms. Short actually received the copy of the summons and complaint and, failing that, it is required that service be undertaken again. If Ms. Short has in fact received the summons and complaint, it will be her burden to show why the Entry of Default, entered on the record September 10, 2003 should be set aside.